CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 22, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE LAMONT ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22-cv-00536 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNKNOWN, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff Andre Lamont Andrews, a Virginia inmate proceeding *pro se*, originally filed this action against "Officer Bonferraro with Lynchburg City Policy Department." (*See* Compl. at 1 [ECF No. 1].) The court conditionally filed Plaintiff's complaint, and by Order entered on November 11, 2022, instructed Plaintiff to file an amended complaint if he wished to proceed with the action because his initial complaint failed to state a claim against Officer Bonferraro. (Order, Nov. 11, 2022 [ECF No. 7].) Plaintiff filed an amended complaint on November 28, purportedly setting forth a claim under 42 U.S.C. § 1983, but he failed to name a defendant in that pleading. (Am. Compl. [ECF No. 8].)

On April 17, 2023, the court received a letter from Plaintiff stating that, in his lawsuit "against" Officer Bonferraro, he was advised that the officer's full name is "Matthew Bonferraro." (ECF No. 13.) The court will therefore construe Plaintiff's letter as a motion to amend his complaint to add Officer Matthew Bonferraro as the sole defendant, and will grant that motion. But Plaintiff's amended complaint is still woefully deficient, and the court has no choice but to dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's complaint makes only a single conclusory allegation: "I wrote the statement of claim once and sent it to you about Officer Bonferraro harrassing [*sic*] me for the reason of why I wanted to file for a lawsuit." (Am. Compl. ¶ E.) The allegation that Plaintiff is being "harassed" is too vague to raise a right to relief above the speculative level. Moreover, conclusory allegations of wrongdoing—the so-called "defendant-unlawfully-harmed-me accusation[s]"—are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without *some* factual enhancement, the court is left to guess whether—and how—Officer Bonferraro allegedly violated Plaintiff's rights. Accordingly, Plaintiff's amended complaint fails to state a claim.

In his original complaint—which the court advised him would not be considered if he filed an amended complaint (*see* Order ¶ 2, Nov. 11, 2022)—Plaintiff offers more detail. He says that Officer Bonferraro harassed him on four separate occasions. During the first encounter, in January of 2022, Officer Bonferraro pulled over a car in which Plaintiff was a passenger because the tags on the vehicle did not "register back" to that vehicle. The second encounter—also in January—occurred when Plaintiff encountered Officer Bonferraro at a

Speedway Store, and Officer Bonferraro told him he had information that the car Plaintiff was driving was stolen. Officer Bonferraro allegedly cited Plaintiff for several violations, including giving Plaintiff "a ticket for the vehicle being stolen" and arrested him for driving on a suspended license. The third encounter happened when Officer Bonferraro drove past Plaintiff in a Sunshine Market Store parking lot in February or March of 2022. Plaintiff says Officer Bonferraro stared right at him, but they apparently had no direct interaction. And the fourth encounter occurred in March 2022 when another officer pulled Plaintiff over and Officer Bonferraro arrived on the scene as a backup officer. When Officer Bonferraro approached the vehicle and saw that Plaintiff was driving, Plaintiff alleges that Officer Bonferraro informed the responding officer that Plaintiff was not who he said he was. Plaintiff claims the responding officer lied and said that Plaintiff used Plaintiff's cousin's name and birth date when identifying himself as a ruse to permit Officer Bonferraro to approach the car and harass Plaintiff some more. (*See generally* Compl. p. 3–4 [ECF No. 1].)

Even if the court were to consider the allegations in the original complaint, the four described encounters—only three of which involved any face-to-face interaction—do not rise to the level of harassment by any reasonable definition. At most, they describe routine, justifiable interactions with the police. Moreover, even if the court were persuaded that Officer Bonferraro's actions were harassing, there is no independent cause of action for police harassment under 42 U.S.C. § 1983. *See Walker v. Johnson*, 446 F. Supp. 3d 88, 102 (W.D. Va. 2020) (cleaned up) ("Walker does not cite, and the court is unable to find, any published decisions from the Fourth Circuit recognizing an independent claim for police harassment."); *see also Arnold v. Truemper*, 833 F. Supp. 678, 682 (N.D. Ill. 1993) ("[P]olice harassment, without

more, cannot form a basis for a § 1983 cause of action."). Were the court to consider the individual encounters as asserting independent constitutional violations, they would also fail. If the charges levied against Plaintiff by Officer Bonferraro are still pending, this court is obligated to abstain from any challenge to them. *See Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984) (discussing *Younger* abstention). And if the charges have been adjudicated, Plaintiff has not alleged that they terminated in his favor, either by acquittal, reversal on appeal, or expungement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). No matter how this case is viewed, this court is obligated to dismiss Plaintiff's complaint.

The Clerk is directed to forward a copy of this Order to Plaintiff.

**ENTERED** this 19th day of July, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE